UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYAN MEYER, | No. 2:14-CV-00321-KJM-DAD |
| Plaintiff, | |
| v. | ORDER |
| BOTTLING GROUP, LLC, | |
| Defendant. | |

Plaintiff Paul Ryan Meyer and defendant Bottling Group, LLC jointly stipulate to remand the instant action to the Superior Court of California, County of Sacramento. Joint Stipulation for Remand ("Stipulation") ¶¶ 8(A)–(G), ECF No. 8. The court now REMANDS the action.

Plaintiff first filed suit in state court on July 9, 2013. App. to Notice of Removal Ex. A at 6, ECF No. 1-3. Although the original complaint named several other defendants, plaintiff amended the state-court complaint to name Bottling Group, LLC as the sole defendant on January 13, 2014.[1] *Id.* Ex. B at 21. On the basis of diversity jurisdiction, defendant removed to this court on January 31, 2014. Notice of Removal at 7, ECF No. 1.

---

[1] The amended complaint also names a number of Doe defendants. App. to Notice of Removal Ex. B at 22. However, "the citizenship of defendants sued under fictitious names shall be disregarded" for diversity purposes. 28 U.S.C. § 1441(b).

1

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed [to federal court] by the defendant . . . ." 28 U.S.C. § 1441(a).  However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  Due to the "strong presumption" against removal, "the defendant always has the burden of establishing that removal is proper," *id.*, and "the court resolves all ambiguity in favor of remand," *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Here, defendant removed on the basis of diversity jurisdiction.  Notice of Removal at 7.  The court may properly exercise diversity jurisdiction only where: (1) there is complete diversity of citizenship between the opposing parties; and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  However, the parties now stipulate that there is less than $75,000 in controversy, and to the extent there may be more, plaintiff "irrevocably waives and relinquishes" any claim thereto.  Stipulation ¶¶ 8(A)–(G).  The court is thus without jurisdiction, 28 U.S.C. § 1332(a), and must remand the case to state court, *see Gaus*, 980 F.2d at 566.

As set forth above, the court REMANDS the matter to the Superior Court of California, County of Sacramento.  The case is closed.

IT IS SO ORDERED.

DATED:  May 13, 2014.

_____
UNITED STATES DISTRICT JUDGE

2